UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HABAKUK NDZERRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 17-90 (RJL) |
| ) | |
| WASHINGTON METROPOLITAN ) | |
| AREA TRANSIT AUTHORITY, ) | |
| ) | |
| Defendant. ) | |

FILED
JUN 2 1 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION
(June 19, 2017) [# 4]

Plaintiff, Habakuk Ndzerre ("Ndzerre" or "plaintiff"), brings this action, *pro se*, alleging that defendant, Washington Metropolitan Area Transit Authority ("WMATA" or "defendant"), discriminated against him in violation of (1) the Federal Family and Medical Leave Act, 29 U.S.C. § 2601 ("FMLA"); (2) the District of Columbia Family and Medical Leave Act, D.C. Code § 32-501 ("DCFMLA"); (3) the District of Columbia Human Rights Act, D.C. Code § 2-1401 ("DCHRA"); and (4) 42 U.S.C. § 1983. This matter is now before the Court on defendant's Motion to Dismiss [Dkt. # 4]. Upon consideration of the parties' submissions, defendant's motion is GRANTED and plaintiff's case will be DISMISSED with prejudice.

## BACKGROUND

Plaintiff, who was born in Cameroon, has been employed by WMATA as an automatic train control mechanic since January 3, 2000. *See* Compl. ¶¶ 12, 14, 17. In his

1

complaint,[1] plaintiff details a series of allegedly unlawful actions by WMATA beginning in 2013, including allegations of an ongoing pattern and practice of discrimination against Ndzerre on the basis of his race, color, and national origin, a hostile work environment, intentional infliction of emotional distress, wrongful denial of FMLA leave, and various violations of his constitutional rights. *Id.* at ¶ 14.

To begin with, plaintiff believes he was denied his rights under the FMLA and the DCFMLA on two occasions. First, plaintiff alleges that on December 21, 2015, WMATA wrongfully denied him FMLA leave for a health condition that was "caused by WMATA's hazardous, hostile[,] or abusive work environment." *Id.* at ¶ 15. He asserts that, beginning on November 4, 2015, he was eligible to receive approximately 12 weeks of DCFMLA and/or FMLA leave because he was suffering from gastrointestinal bleeding, gastroesophageal reflux disease, and hemorrhoids. *Id.* at ¶ 20. After receiving outpatient surgery for these conditions, Ndzerre contends he was unable to return to work because he could not lift heavy materials. *Id.* at ¶ 21. After plaintiff submitted the required FMLA paperwork to WMATA, defendant denied him FMLA leave on the ground that his condition did not qualify as a serious health condition and that no medical condition was indicated on his FMLA certification. *Id.* at ¶ 26. As a result, plaintiff was forced to use his accrued personal leave to care for his condition. *Id.* at ¶ 15. Second, in

---

[1] Plaintiff filed this complaint on January 13, 2017. On August 7, 2015, he filed a related amended complaint, which is currently still pending before this Court. In that case, Ndzerre alleged that WMATA violated the FMLA, the DCHRA, the Occupational Safety and Health Act ("OSHA"), the National Transit Systems Security Act ("NTSSA"), and Title VII. This Court dismissed Plaintiff's NTSSA, DCHRA, OSHA, and FMLA claims. *See Ndzerre v. Washington Metro. Area Transit Auth.*, 174 F. Supp. 3d 58 (D.D.C. 2016). Only the Title VII allegation remains in that case.

July of 2016, plaintiff submitted an FMLA application to his immediate supervisor because he needed time to recover from another outpatient surgery related to his gastrointestinal condition. *Id.* at ¶¶ 27-28. WMATA allegedly failed to "responsively answer" the FMLA request and failed to give Ndzerre proper notice as required by the FMLA. *Id.* at ¶ 30. Plaintiff was ultimately denied leave. *Id.* at ¶ 28.

Plaintiff also alleges that he was subject to discrimination, harassment, and a hostile work environment in violation of the DCHRA. In particular, he alleges that WMATA "failed to provide him with a reasonable accommodation, denied him his employment benefit[,] and subjected him to other adverse and disparate treatment that interfered with, and negatively impacted, the terms and conditions of [his] employment." *Id.* at ¶ 81. Ndzerre further claims that WMATA was aware that he was suffering from "severe and major depression" from his gastrointestinal bleeding, and that WMATA persisted in discriminating against him because it "perceived [his] race, color[,] and national origin as being [a] foreigner or as a second class citizen." *Id.* at ¶ 89. Plaintiff also asserts that WMATA "harassed, retaliated[,] and denied [him] leave, and harassed him by threatening to terminate his employment" because of his race and national origin. *Id.* at ¶ 91.

Next, plaintiff alleges that WMATA committed the tort of intentional infliction of emotional distress by subjecting him to discrimination, extreme harassment, and a hostile work environment because of his race, color, and national origin. *Id.* at ¶ 95. Specifically, Ndzerre contends that WMATA harassed him, failed to provide him with FMLA notice, intimidated him, denied him leave, threatened to terminate him, and

3

ultimately terminated him because of his race. *Id.* at ¶ 97.[2] Plaintiff additionally claims that he has suffered panic and anxiety attacks, severe depression, embarrassment, humiliation, inability to sleep, fatigue, loss of concentration, and loss of appetite as a result of WMATA's conduct. *Id.* at ¶¶ 98, 101.

Finally, it appears that plaintiff has attempted to state a claim against WMATA under 42 U.S.C. § 1983 for violations of his First, Eighth, and Fourteenth Amendment rights. To support his constitutional claims, plaintiff alleges that WMATA violated his First Amendment rights "to not speak and not to be retaliated against for speaking." *Id.* at ¶ 61. He contends that WMATA also "violated [his] Eight[h] Amendment Rights to be free of cruel and unusual punishment ('mentally and physically')." *Id.* at ¶ 60. And he alleges that WMATA "has not subjected employees born in the United States to similar acts constituting a hostile or abusive work environment," and that WMATA thus violated his Fourteenth Amendment right "to be treated equally to those similarly situated as him." *Id.* at ¶¶ 34, 61.

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This Court is not "bound to accept as true a legal conclusion couched

---

[2] Although plaintiff here alleges that WMATA terminated his employment, s*ee* Compl. at ¶ 97, at various other points throughout his complaint, he suggests that he is still currently employed by WMATA. *See, e.g.*, Compl. at ¶ 12 ("WMATA has been and it is the employer of Mr. Ndzerre."). This Court's legal analysis of plaintiff's claims and defendant's motion to dismiss is unaffected by whether plaintiff was actually terminated or not.

4

as a factual allegation." *Id.* In determining whether a complaint fails to state a claim, "[the Court] may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the Court] may take judicial notice." *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). While *pro se* complaints are liberally construed, "even a *pro se* plaintiff must plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Plummer v. Safeway, Inc.*, 934 F. Supp. 2d 191, 195 (D.D.C. 2013) (internal quotation marks omitted).

## ANALYSIS

### A. Family and Medical Leave Act Claim

Defendant asserts that Ndzerre's FMLA claim must be dismissed because WMATA enjoys Eleventh Amendment immunity for alleged violations of the self-care provisions of the FMLA. *See* Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss ("Def.'s Mem.") at 3. For the following reasons, I agree.

WMATA is an interstate compact agency, created by a compact enacted by Congress and to which the Commonwealth of Virginia, the State of Maryland, and the District of Columbia are signatories. *Jones v. Washington Metro. Area Transit Auth.*, 205 F.3d 428, 432 (D.C. Cir. 2000). Our Circuit has "consistently recognized that in signing the WMATA Compact, Virginia and Maryland each conferred its immunity upon WMATA, which therefore enjoys, to the same extent as each state, immunity from suit in federal court based on its performance of governmental functions." *Id.* Our Circuit has also held that "WMATA's 'governmental function' immunity encompasses 'the hiring,

5

training, and supervision of WMATA personnel,' which is the kind of conduct for which [Ndzerre] seeks to hold WMATA liable" under the FMLA. *Id.* The only remaining question therefore is whether, as defendant has argued, in enacting the FMLA Congress abrogated the states' (and thus WMATA's) Eleventh Amendment immunity from FMLA liability. Unfortunately for plaintiff, the Supreme Court has answered that question in the negative. Although the Supreme Court has held that states are not immune from the *family-care provision* of the FMLA, *see Nevada Dep't of Human Res. v. Hibbs*, 538 U.S. 721 (2003), it has affirmed that Congress did not validly abrogate states' sovereign immunity from suits for money damages in enacting FMLA's *self-care provision*. *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30 (2012); *see also, e.g., McKlintic v. 36th Judicial Circuit Court*, 508 F.3d 875, 877 (8th Cir. 2007) (Eleventh Amendment bars suit against a state for violation of the self-care provisions of the FMLA); *Toeller v. Wisconsin Dep't of Corr.*, 461 F.3d 871 (7th Cir. 2006) (Congress did not effect valid abrogation of state sovereign immunity in enacting FMLA's self-care provision); *Touvell v. Ohio Dep't of Mental Retardation & Developmental Disabilities*, 422 F.3d 392 (6th Cir. 2005) (Eleventh Amendment barred claim that self-care provision was violated).

In his complaint, plaintiff alleges that WMATA unfairly denied his request for leave to care for his own medical conditions. *See* Compl. at ¶¶ 20-21, 27-28. Therefore, plaintiff's request for leave under the FMLA fell under the statute's self-care provision, and the Eleventh Amendment bars such claims against WMATA. Plaintiff's FMLA claim is accordingly dismissed.

## B. District of Columbia Family and Medical Leave Act Claim

Defendant also seeks dismissal of plaintiff's DCFMLA claim on the ground that WMATA is not subject to that statute. *See* Def.'s Mem. at 4-5. Defendant is correct. Because WMATA is an interstate compact agency and instrumentality of three separate jurisdictions—Virginia, Maryland, and D.C.—"one signatory may not impose its legislative enactment upon the entity created by it without the express consent of the other signatories and of the Congress of the United States." *Lucero-Nelson v. Washington Metro. Area Transit Auth.*, 1 F. Supp. 2d 1, 7 (D.D.C. 1998). Because there is "no indication that Virginia and Maryland have consented to the application of District of Columbia law" to WMATA—and plaintiff does not so argue—plaintiff's DCFMLA claim must be dismissed. *Sampson v. Washington Metro. Area Transit Auth.*, No. CIV.A. 04-1767 GK, 2005 WL 3276277, at *3 (D.D.C. Aug. 9, 2005).

## C. District of Columbia Human Rights Act Claims

Defendant similarly argues that plaintiff's DCHRA claims must be dismissed because WMATA is not subject to that statute. *See* Def.'s Mem. at 4-5. For the same reasons discussed with regard to plaintiff's DCFMLA claim above, I agree. Plaintiff's DCHRA claims are accordingly dismissed.

## D. Intentional Infliction of Emotional Distress Claim

Defendant next submits that plaintiff's claim of intentional infliction of emotional distress is not cognizable and must be dismissed because WMATA enjoys sovereign immunity for torts arising out of decisions involving the supervision of its employees.

7

*See* Def.'s Mem. at 6. Indeed, our Circuit has held precisely that. In *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207 (D.C. Cir. 1997), the D.C. Circuit held that "decisions concerning the hiring, training, and supervising of WMATA employees are discretionary in nature, and thus immune from judicial review." *Id.* at 1217. And the very conduct that plaintiff challenges here—including WMATA's alleged decision to deny him FMLA leave and failure to provide FMLA notice—falls squarely within WMATA's discretionary decisionmaking function. *See* Compl. at ¶ 97. I therefore conclude that WMATA is immune from suit for alleged torts related to the performance of such functions. Plaintiff's intentional infliction of emotional distress claim is accordingly dismissed.

### E. Section 1983 Claims

Finally, defendant asserts that plaintiff's claims pursuant to § 1983 must be dismissed because WMATA is not subject to that statute. *See* Def.'s Mem. at 8. Because the Supreme Court has made clear that states—or entities that qualify as arms of the state—are not "persons" within the meaning of § 1983, plaintiff's claims under that statute must be dismissed. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989); *see also Disability Rights Council of Greater Washington v. Washington Metro. Area Transit Auth.*, 239 F.R.D. 9, 20 (D.D.C. 2006) (dismissing plaintiff's § 1983 claim against WMATA because it is not a "person" and therefore cannot be sued under the statute); *Lucero-Nelson*, 1 F. Supp. 2d at 7 (D.D.C. 1998) (rejecting plaintiff's § 1983 claim against WMATA because "as an arm of the state WMATA is not a 'person' within the meaning of the statute").

## CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss is GRANTED and plaintiff's claims are DISMISSED with prejudice. A separate Order consistent with this decision accompanies this Memorandum Opinion.

*[signature]*
RICHARD J. LEON
United States District Judge